UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAWN WOODWARD,

                    Plaintiff,

          -v-                              9:22-CV-438

DAVIS, G.R. MUNDEN, PAIGE,
JOHN DOE 1, JOHN DOE 2, and
JOHN DOE 3,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

SHAWN WOODWARD
Plaintiff, Pro Se
26 South Pennsylvania Ave.
Atlantic City, NJ 08401

HON. LETITIA JAMES              RACHAEL OUIMET, ESQ.
New York State Attorney General  Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On May 4, 2022, *pro se* plaintiff Shawn Woodward ("plaintiff") filed this 42

U.S.C. § 1983 action alleging that various defendants violated his civil rights

while he was an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS") at Franklin Correctional Facility ("Frankin C.F.") in Malone, New York.  Dkt. No. 1.  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, and for *pro se* ECF credentials, Dkt. No. 3.

On June 2, 2022, after an initial review of the pleading, U.S. Magistrate Judge Christian F. Hummel granted plaintiff's IFP Application, denied his request for ECF credentials, and directed defendants to answer plaintiff's complaint.  Dkt. No. 4.  Defendants complied, Dkt. Nos. 11, 20, and the case went to discovery on plaintiff's § 1983 claims against DOCCS officials named Davis and Munden.[1]  Plaintiff's complaint asserts: (i) an Eighth Amendment excessive force claim against defendant Davis; (ii) an Eighth Amendment excessive force claim against defendant Munden; and (iii) First Amendment retaliation claims against defendants Davis and Munden.

On December 18, 2023, defendants moved for partial summary judgment on plaintiff's: (i) Eighth Amendment claims against Davis and (iii) First Amendment claims against Davis and Munden.[2]  After that motion was fully briefed, Dkt. No. 67, Judge Hummel advised by Report & Recommendation ("R&R") that defendants' partial motion be granted.  Dkt. No. 77.

---

[1]  The pleading also asserts claims against defendant Paige and three John Does, but as Judge Hummel explains in his R&R, those parties have not been identified or properly served.

[2]  Defendants did <u>not</u> move to dismiss plaintiff's (ii) Eighth Amendment claim against defendant Munden, which arises from an alleged assault in September of 2019.

Neither party has lodged objections to Judge Hummel's R&R, and the time period in which to do so has expired. *See* Dkt. No. 77. Thus, upon review for plain error, the R&R is accepted and will be adopted in all respects. *See* Fed. R. Civ. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 77) is ACCEPTED;

2. Defendants' partial motion for summary judgment (Dkt. No. 60) is GRANTED;

3. Plaintiff's (i) Eighth Amendment claims against Davis and (iii) First Amendment claims against Davis and Munden are DISMISSED;

4. Plaintiff's claims against defendants Paige and John Doe 1, John Doe 2, and John Doe 3 are DISMISSED;

5. Plaintiff's (ii) Eighth Amendment excessive force claim against defendant Munden REMAINS;

6. The Clerk of the Court is directed to TERMINATE Paige and the Does as defendants from the docket report in this action; and

7. Defendant's counsel is directed to file a status report advising as to the status of this action on or before September 30, 2024.

IT IS SO ORDERED.

Dated:  September 10, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge